IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | |
| | § | CRIMINAL NO. 1:20-CR-78 |
| MARIUS LAZAR, | § | |
| a/k/a "Mario" | § | |
| | § | |

## GOVERNMENT'S PROPOSED JURY INSTRUCTIONS

The United States of America, by and through undersigned counsel, submits these proposed jury instructions in the above-captioned case.

Except where otherwise noted, the proposed instructions are taken from the 2019 edition of the Fifth Circuit Pattern Jury Instructions (Criminal Cases), *available at* https://www.lb5.uscourts.gov/juryinstructions/fifth/crim2019.pdf.  The instructions relating to RICO Conspiracy (Count One) are modified from the Pattern Instructions.  The government submits that the definitions and principles reflected in the proposed instructions below are necessary, under Supreme Court precedent, for a full and accurate recitation of the elements of RICO Conspiracy.  The proposed RICO Conspiracy instructions below are modeled on the set given in a recent RICO Conspiracy trial in the Eastern District of Texas, Beaumont Division.  *See United States v. Chunn et al.*, 1:20-cr-83, Doc. 409 (Nov. 15, 2021).

Respectfully submitted,

1

DAMIEN M. DIGGS
UNITED STATES ATTORNEY


*/s/ Christopher T. Rapp*
CHRISTOPHER T. RAPP
Assistant U. S. Attorney
Arizona Bar No. 025704
550 Fannin St., Suite 1250
Beaumont, Texas  77701
(409) 839-2538
(409) 839-2550 (fax)
christopher.t.rapp@usdoj.gov

**Certificate of Service**

I hereby certify that a copy of this document was electronically served on counsel

for the defense via the Court's CM-ECF filing system on October 16, 2023.


*/s/ Christopher T. Rapp*
CHRISTOPHER T. RAPP
Assistant U. S. Attorney

# 1.01 PRELIMINARY INSTRUCTIONS

Members of the jury:

Now that you have been sworn, I will give you some preliminary instructions to guide you in your participation in the trial.

***Duty of the jury*:**

It will be your duty to find from the evidence what the facts are. You and you alone will be the judges of the facts. You will then have to apply to those facts the law as the court will give it to you. You must follow that law whether you agree with it or not. Nothing the court may say or do during the course of the trial is intended to indicate, or should be taken by you as indicating, what your verdict should be.

***Evidence:***

The evidence from which you will find the facts will consist of the testimony of witnesses, documents and other items received into the record as exhibits, and any facts that the lawyers agree to or stipulate to or that the court may instruct you to find.

Certain things are not evidence and must not be considered by you. I will list them for you now.

(1) Statements, arguments, and questions by lawyers are not evidence.

(2) Objections to questions are not evidence.

Lawyers have an obligation to their clients to make objections when they believe evidence being offered is improper under the rules of evidence. You should not be

influenced by the objection or by the court's ruling on it. If the objection is sustained, ignore the question.  If it is overruled, treat the answer like any other.  If you are instructed that some item of evidence is received for a limited purpose only, you must follow that instruction.

(3) Testimony that the court has excluded or told you to disregard is not evidence and must not be considered.

(4) Anything you may have seen, heard, or read outside the courtroom is not evidence and must be disregarded.  You are to decide the case solely on the evidence presented here in the courtroom.

There are two kinds of evidence: direct and circumstantial.  Direct evidence is direct proof of a fact, such as testimony of an eyewitness.  Circumstantial evidence is proof of facts from which you may infer or conclude that other facts exist.  I will give you further instructions on these as well as other matters at the end of the case, but keep in mind that you may consider both kinds of evidence.

It will be up to you to decide which witnesses to believe, which witnesses not to believe, and how much of any witness's testimony to accept or reject. I will give you some guidelines for determining the credibility of witnesses at the end of the case.

*Rules for criminal cases:*

As you know, this is a criminal case.  There are three basic rules about a criminal case that you must keep in mind.

*First*: the defendant is presumed innocent until proven guilty. The indictment brought by the government against the defendant is only an accusation, nothing more. It is not proof of guilt or anything else. The defendant therefore starts out with a clean slate.

*Second*: the burden of proof is on the government until the very end of the case. The defendant has no burden to prove his or her innocence, or to present any evidence, or to testify. Since the defendant has the right to remain silent, the law prohibits you from arriving at your verdict by considering that the defendant may not have testified.

*Third*: the government must prove the defendant's guilt beyond a reasonable doubt. I will give you further instructions on this point later, but bear in mind that in this respect a criminal case is different from a civil case.

### Summary of applicable law:

In this case the defendant is charged in a First Superseding Indictment with three counts. I will give you detailed instructions on the law at the end of the case, and those instructions will control your deliberations and decision. But in order to help you follow the evidence, I will now give you a brief summary of the elements of each offense that the government must prove beyond a reasonable doubt to make its case.

### Summary of the elements:

Count One charges RICO Conspiracy. The elements of this offense are, *first*, that the enterprise alleged in the First Superseding Indictment, the Hells Angels Motorcycle Club, existed; *second*, that the enterprise was engaged in, or its activities affected, interstate

or foreign commerce; *third*, that the defendant knowingly agreed that he or a co-conspirator would be associated with the enterprise; *fourth*, that the defendant knowingly agreed that he or a co-conspirator would conduct or participate, either directly or indirectly, in the conduct of the affairs of the enterprise; and *fifth*, that the defendant knowingly agreed that he or a co-conspirator would knowingly participate in the conduct of the affairs of the enterprise through a pattern of racketeering, as described in the First Superseding Indictment. I will explain each of these terms at the end of the case.

Count Two charges conspiracy to import cocaine into the United States; export cocaine from the United States; or manufacture or distribute cocaine, intending, knowing, or with reason to believe that it would be unlawfully imported into the United States. As I will explain at the end of the case, a "conspiracy" is simply a criminal agreement. The elements of this offense are, *first*, that two or more persons, directly or indirectly, reached an agreement to import cocaine, export cocaine, and/or manufacture or distribute cocaine, intending, knowing, or with reason to believe that it would be unlawfully imported into the United States; *second,* that the defendant knew of the unlawful purpose of the agreement; and *third*, that the defendant joined in the agreement willfully, that is, with the intent to further its unlawful purpose.

Count Three charges money laundering conspiracy. The elements of this offense are, *first*, that the defendant and at least one other person made an agreement to transport, transmit, and transfer, and attempt to transport, transmit, and transfer, a monetary instrument and funds from a place outside the United States to a place inside the United States with the intent to promote the carrying on of specified unlawful activity, that is, the

drug trafficking conspiracy charged in Count Two of the First Superseding Indictment; *second,* that the defendant knew the unlawful purpose of the agreement; and *third*, that the defendant joined in the agreement willfully, that is, with the intent to further the unlawful purpose.

### *Conduct of the jury:*

Now, a few words about your conduct as jurors.

During the course of the trial, do not speak with any witness, or with the defendant, or with any of the lawyers in the case. Please do not talk with them about any subject at all. You may be unaware of the identity of everyone connected with the case. Therefore, in order to avoid even the appearance of impropriety, do not engage in any conversation with anyone in or about the courtroom or courthouse. It is best that you remain in the jury room during breaks in the trial and do not linger in the hall. In addition, during the course of the trial, do not talk about the trial with anyone else—not your family, not your friends, not the people with whom you work. Also, do not discuss this case among yourselves until I have instructed you on the law and you have gone to the jury room to make your decision at the end of the trial. Otherwise, without realizing it, you may start forming opinions before the trial is over. It is important that you wait until all the evidence is received and you have heard my instructions on rules of law before you deliberate among yourselves.

You, as jurors, must decide this case based solely on the evidence presented here within the four walls of this courtroom. This means that during the trial you must not conduct any independent research about this case, the matters in this case, and the

individuals or corporations involved in the case. In other words, you should not consult dictionaries or reference materials, search the Internet, websites, or blogs, or use any other electronic tools to obtain information about this case or to help you decide the case. Please do not try to find out information from any source outside the confines of this courtroom.

I know that many of you use cell phones, the Internet, and other tools of technology. You also must not talk to anyone at any time about this case or use these tools to communicate electronically with anyone about the case. This includes your family and friends. You may not communicate with anyone about the case through any means, including your cell phone, through e-mail, Blackberry, iPhone, text messaging, or on Snapchat or Twitter, or through any blog or website, including Facebook, Google+, WhatsApp, Instagram, LinkedIn, or YouTube. You may not use any similar technology of social media, even if I have not specifically mentioned it here. I expect you will inform me as soon as you become aware of another juror's violation of these instructions. A juror who violates these restrictions jeopardizes the fairness of these proceedings, and a mistrial could result, which would require the entire trial process to start over.


***Note taking by jurors:***

If you would like to take notes during the trial, you may do so. On the other hand, you are not required to take notes if you prefer not to do so.  Each of you should make your own decision about this.

If you decide to take notes, be careful not to get so involved in the note-taking that you become distracted from the ongoing proceedings.  Your notes should be used only as

memory aids. You should not give your notes precedence over your independent recollection of the evidence. If you do not take notes, you should rely upon your own independent recollection of the proceedings and you should not be unduly influenced by the notes of other jurors.

Notes are not entitled to any greater weight than the memory or impression of each juror as to what the testimony may have been. Whether you take notes or not, each of you must form and express your own opinion as to the facts of the case.

You will note that we do have an official court reporter making a record of the trial; however, we will not have typewritten transcripts of this record available for your use in reaching a decision in this case.

***Course of the trial:***

I will now give you a roadmap to help you follow what will happen over the entire course of this trial. First, the government will make an opening statement, which is simply an outline to help you understand the evidence as it is admitted. Next, the defendant may, but does not have to, make an opening statement. Opening statements are neither evidence nor arguments.

The government will then present its witnesses, and the defendant may cross-examine them. Following the government's case, the defendant may, if he wishes, present witnesses whom the government may cross-examine. If the defendant decides to present evidence, the government may introduce rebuttal evidence.

After all the evidence is in, the attorneys will present their closing arguments to summarize and interpret the evidence for you, and the court will instruct you on the law. After that, you will retire to deliberate on your verdict.

The trial will now begin.

# FINAL INSTRUCTIONS

## 1.03  INTRODUCTION TO FINAL INSTRUCTIONS

Members of the Jury:

In any jury trial there are, in effect, two judges.  I am one of the judges; the other is the jury.  It is my duty to preside over the trial and to decide what evidence is proper for your consideration.  It is also my duty at the end of the trial to explain to you the rules of law that you must follow and apply in arriving at your verdict.

First, I will give you some general instructions which apply in every case, for example, instructions about the burden of proof and how to judge the believability of witnesses.  Then I will give you some specific rules of law about this particular case, and finally I will explain to you the procedures you should follow in your deliberations.

## 1.04  DUTY TO FOLLOW INSTRUCTIONS

You, as jurors, are the judges of the facts. But in determining what actually happened—that is, in reaching your decision as to the facts—it is your sworn duty to follow all of the rules of law as I explain them to you.

You have no right to disregard or give special attention to any one instruction, or to question the wisdom or correctness of any rule I may state to you.  You must not substitute or follow your own notion or opinion as to what the law is or ought to be. It is your duty to apply the law as I explain it to you, regardless of the consequences.

It is also your duty to base your verdict solely upon the evidence, without prejudice or sympathy.  That was the promise you made and the oath you took before being accepted by the parties as jurors, and they have the right to expect nothing less.

## 1.05  PRESUMPTION OF INNOCENCE, BURDEN OF PROOF, REASONABLE DOUBT

The indictment or formal charge against a defendant is not evidence of guilt. Indeed, the defendant is presumed by the law to be innocent. The defendant begins with a clean slate.  The law does not require a defendant to prove his innocence or produce any evidence at all, and no inference whatever may be drawn from the election of a defendant not to testify.

The government has the burden of proving the defendant guilty beyond a reasonable doubt, and if it fails to do so, you must acquit the defendant.  While the government's burden of proof is a strict or heavy burden, it is not necessary that the defendant's guilt be proved beyond all possible doubt.  It is only required that the government's proof exclude any "reasonable doubt" concerning the defendant's guilt.

A "reasonable doubt" is a doubt based upon reason and common sense after careful and impartial consideration of all the evidence in the case.  Proof beyond a reasonable doubt, therefore, is proof of such a convincing character that you would be willing to rely and act upon it without hesitation in making the most important decisions of your own affairs.

## 1.06  EVIDENCE – EXCLUDING WHAT IS NOT EVIDENCE

As I told you earlier, it is your duty to determine the facts.  To do so, you must consider only the evidence presented during the trial.  Evidence is the sworn testimony of the witnesses, including stipulations, and the exhibits.   The questions, statements, objections, and arguments made by the lawyers are not evidence.

The function of the lawyers is to point out those things that are most significant or most helpful to their side of the case, and in so doing to call your attention to certain facts or inferences that might otherwise escape your notice.  In the final analysis, however, it is your own recollection and interpretation of the evidence that controls in the case.  What the lawyers say is not binding upon you.

During the trial I sustained objections to certain questions and exhibits.  You must disregard those questions and exhibits entirely.  Do not speculate as to what the witness would have said if permitted to answer the question or as to the contents of an exhibit.  Also, certain testimony or other evidence has been ordered removed from the record and you have been instructed to disregard this evidence.  Do not consider any testimony or other evidence which has been removed from your consideration in reaching your decision.  Your verdict must be based solely on the legally admissible evidence and testimony.

Also, do not assume from anything I may have done or said during the trial that I have any opinion concerning any of the issues in this case.  Except for the instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your own verdict.

## 1.08 EVIDENCE – INFERENCES - DIRECT AND CIRCUMSTANTIAL

In considering the evidence, you are permitted to draw such reasonable inferences from the testimony and exhibits as you feel are justified in the light of common experience. In other words, you may make deductions and reach conclusions that reason and common sense lead you to draw from the facts which have been established by the evidence.

Do not be concerned about whether evidence is "direct evidence" or "circumstantial evidence." You should consider and weigh all of the evidence that was presented to you.

"Direct evidence" is the testimony of one who asserts actual knowledge of a fact, such as an eyewitness.  "Circumstantial evidence" is proof of a chain of events and circumstances indicating that something is or is not a fact.

The law makes no distinction between the weights to be given either direct or circumstantial evidence.  But the law requires that you, after weighing all of the evidence, whether direct or circumstantial, be convinced of the guilt of the defendant beyond a reasonable doubt before you can find him guilty.

## 1.09  CREDIBILITY OF WITNESSES

I remind you that it is your job to decide whether the government has proved the guilt of the defendant beyond a reasonable doubt.  In doing so, you must consider all of the evidence.  This does not mean, however, that you must accept all of the evidence as true or accurate.

You are the sole judges of the credibility or "believability" of each witness and the weight to be given to the witness's testimony.  An important part of your job will be making judgments about the testimony of the witnesses including the defendant who testified in this case.  You should decide whether you believe all, some part, or none of what each person had to say, and how important that testimony was.  In making that decision I suggest that you ask yourself a few questions: Did the witness impress you as honest?  Did the witness have any particular reason not to tell the truth?  Did the witness have a personal interest in the outcome of the case?  Did the witness have any relationship with either the government or the defense?  Did the witness seem to have a good memory?  Did the witness clearly see or hear the things about which he or she testified?  Did the witness have the opportunity and ability to understand the questions clearly and answer them directly?  Did the witness's testimony differ from the testimony of other witnesses?  These are a few of the considerations that will help you determine the accuracy of what each witness said.

The testimony of the defendant should be weighed, and his credibility evaluated in the same way as that of any other witness.

Your job is to think about the testimony of each witness you have heard and decide how much you believe of what each witness had to say.  In making up your mind and

reaching a verdict, do not make any decisions simply because there were more witnesses on one side than on the other. Do not reach a conclusion on a particular point just because there were more witnesses testifying for one side on that point. You will always bear in mind that the law never imposes upon a defendant in a criminal case the burden or duty of calling any witnesses or producing any evidence.

## 1.10 CHARACTER EVIDENCE (IF NECESSARY)

Where a defendant has offered evidence of good general reputation for [opinion testimony concerning]: truth and veracity, honesty and integrity, or character as a law-abiding citizen, you should consider such evidence along with all the other evidence in the case.

Evidence of a defendant's character, inconsistent with those traits of character ordinarily involved in the commission of the crime charged, may give rise to a reasonable doubt, since you may think it improbable that a person of good character with respect to those traits would commit such a crime.

## 1.11 IMPEACHMENT BY PRIOR INCONSISTENCIES (IF NECESSARY)

The testimony of a witness may be discredited by showing that the witness testified falsely, or by evidence that at some other time the witness said or did something, or failed to say or do something, which is inconsistent with the testimony the witness gave at this trial.

Earlier statements of a witness were not admitted in evidence to prove that the contents of those statements are true. You may not consider the earlier statements to prove that the content of an earlier statement is true; you may only use earlier statements to determine whether you think the earlier statements are consistent or inconsistent with the trial testimony of the witness and therefore whether they affect the credibility of that witness.

If you believe that a witness has been discredited in this manner, it is your exclusive right to give the testimony of that witness whatever weight you think it deserves.

## 1.14 IMPEACHMENT BY EVIDENCE OF UNTRUTHFUL CHARACTER (IF NECESSARY)

You have heard the testimony of _____.  You also heard testimony from others concerning their opinion about whether that witness is a truthful person [the witness's reputation, in the community where the witness lives, for telling the truth].  It is up to you to decide from what you heard here whether _____ was telling the truth in this trial.  In deciding this, you should bear in mind the testimony concerning the witness's [reputation for] truthfulness as well as all other instructions you have been given.

## 1.18  EXPERT OPINION TESTIMONY

During the trial you heard the testimony of [expert(s)] who expressed opinions concerning [topics].  If scientific, technical, or other specialized knowledge might assist the jury in understanding the evidence or in determining a fact in issue, a witness qualified by knowledge, skill, experience, training, or education may testify and state an opinion concerning such matters.

Merely because such a witness has expressed an opinion does not mean, however, that you must accept this opinion.  You should judge such testimony like any other testimony.  You may accept it or reject it and give it as much weight as you think it deserves, considering the witness's education and experience, the soundness of the reasons given for the opinion, and all other evidence in the case.

## 1.19  ON OR ABOUT

You will note that the indictment charges that the offense was committed on or about a specified date.   The government does not have to prove that the crime was committed on that exact date, so long as the government proves beyond a reasonable doubt that the defendant committed the crime on a date reasonably near the dates stated in the indictment.

## 1.20  VENUE - CONSPIRACY

The events presented at trial happened in various places. There is no requirement that the entire conspiracy take place in the Eastern District of Texas, but in order for you to return a guilty verdict, the government must prove by a preponderance of the evidence that either the agreement or an overt act took place in this district, even if the defendant never set foot in the district. An overt act is an act performed to affect the object of a conspiracy, although it remains separate and distinct from the conspiracy itself. Though the overt act need not be of criminal nature, it must be done in furtherance of the object of the conspiracy.

Alternatively, if you find that the offense was committed overseas, you may find the venue requirement satisfied if the government proves by a preponderance of the evidence that the defendant was first brought to the Eastern District of Texas; that is, the Eastern District of Texas was the place where the defendant first arrived in the United States.

Unlike the other elements of the offense, this is a fact that the government has to prove only by a preponderance of the evidence. This means the government has to convince you only that it is more likely than not that part of the conspiracy took place in the Eastern District of Texas or that the defendant was first brought to the Eastern District of Texas. All other elements of the offense must be proved beyond a reasonable doubt. You are instructed that Beaumont and Tyler are located in the Eastern District of Texas.

Authority: Fifth Circuit Pattern Jury Instructions (2019 ed.) (modified); 18 U.S.C. § 3238; *United States v. Erwin*, 602 F.2d 1183, 1185 (5th Cir. 1979); *United States v. Williams*, 589 F.2d 210, 213 (5th Cir. 1979), on reh'g, 617 F.2d 1063 (5th Cir. 1980).

## 1.21  CAUTION – CONSIDER ONLY CRIMES CHARGED

You are here to decide whether the government has proved beyond a reasonable doubt that the defendant is guilty of the crimes charged.  The defendant is not on trial for any act, conduct, or offense not alleged in the indictment.  Neither are you called upon to return a verdict as to the guilt of any other person or persons not on trial as a defendant in this case, except as you are otherwise instructed.

## 1.22  CAUTION – PUNISHMENT

If a defendant is found guilty, it will be my duty to decide what the punishment will be.  You should not be concerned with punishment in any way.  It should not enter your consideration or discussion.

## 1.23  SINGLE DEFENDANT – MULTIPLE COUNTS

A separate crime is charged in each count of the indictment. Each count, and the evidence pertaining to it, should be considered separately. The fact that you may find the defendant guilty or not guilty as to one of the crimes charged should not control your verdict as to any other.

## 1.32  SIMILAR ACTS (IF NECESSARY)

You have heard evidence of acts of the defendant which may be similar to those charged in the indictment, but which were committed on other occasions.  You must not consider any of this evidence in deciding if the defendant committed the acts charged in the indictment.  However, you may consider this evidence for other, very limited, purposes.

If you find beyond a reasonable doubt from other evidence in this case that the defendant did commit the acts charged in the indictment, then you may consider evidence of the similar acts allegedly committed on other occasions to determine:

- Whether the defendant had the state of mind or intent necessary to commit the crime charged in the indictment; or

- Whether the defendant had a motive or the opportunity to commit the acts charged in the indictment; or

- Whether the defendant acted according to a plan or in preparation for commission of a crime; or

- Whether the defendant committed the acts for which he is on trial by accident or mistake.

These are the limited purposes for which any evidence of other similar acts may be considered.

## 1.52  SUMMARY WITNESS TESTIMONY AND CHARTS BASED ON OTHER EVIDENCE (IF NECESSARY)

Summary testimony by a witness and charts or summaries prepared or relied upon by the witness have been received into evidence for the purpose of explaining facts disclosed by testimony and exhibits which are also in evidence in this case.  If you find that such summary testimony and charts or summaries correctly reflect the other evidence in the case, you may rely upon them.  But if and to the extent that you find they are not in truth summaries of the evidence in the case, you are to disregard them.  The best evidence of what occurred are the underlying records themselves.

## CONSPIRACY – DEFINED – ALL COUNTS

The defendant is charged with three counts, each of which alleges a conspiracy offense. I will accordingly begin by instructing you on what conspiracy means and how the government may prove it. These instructions will apply to all three of the charged conspiracy offenses.

A "conspiracy" is a combination or agreement of two or more persons to join together to attempt to accomplish some unlawful purpose. It is a kind of "partnership in criminal purpose" in which each member becomes the agent of every other member. The gist or essence of the offense is a combination or mutual agreement by two or more persons to disobey, or disregard, the law.

The evidence in the case need not show that the alleged members of the conspiracy entered into any express or formal agreement; or that they directly stated between themselves the details of the scheme and its object or purpose, or the precise means by which the object or purpose was to be accomplished. Similarly, the evidence in the case need not establish that all the means or methods set forth in the First Superseding Indictment were in fact agreed upon to carry out the alleged conspiracy, or that all of the means or methods which were agreed upon were actually used or put into operation. Neither must it be proved that all of the persons charged to have been members of the conspiracy were such, nor that the alleged conspirators actually succeeded in accomplishing their unlawful objectives. Neither is it necessary for the government to prove any of the overt acts listed in the First Superseding Indictment.

What the evidence in the case must show beyond a reasonable doubt is:

(1)     That two or more persons in some way or manner, positively or tacitly, came to a mutual understanding to try to accomplish a common unlawful plan, as charged in the First Superseding Indictment; and

(2)     That the defendant willfully became a member of such conspiracy.

One may become a member of a conspiracy without knowing all the details of the unlawful scheme or the identities of all the other alleged conspirators. If the defendant understands the unlawful nature of a plan or scheme and knowingly and intentionally joins in that plan or scheme on one occasion, that is sufficient to convict him for conspiracy even though the defendant had not participated before and even though the defendant played only a minor part. It is not necessary that the government prove that the defendant was a member of the conspiracy from its beginning. Different persons may become members of the conspiracy at different times.

Mere presence at the scene of an event, even with knowledge that a crime is being committed, or the mere fact that certain persons may have associated with each other and may have assembled together and discussed common aims and interests, does not necessarily establish proof of the existence of a conspiracy. Also, a person who has no knowledge of a conspiracy, but who happens to act in a way which advances some purpose of a conspiracy, does not thereby become a conspirator.

AUTHORITY: Fifth Cir. Pattern Crim. Jury Instr. (2019 ed.) at 341 (modified).

## COUNT ONE: RACKETEERING CONSPIRACY

## 18 U.S.C. § 1962(d)

Title 18, United States Code, Section 1962(d), makes it a crime to conspire to conduct the affairs of an enterprise through a pattern of racketeering.

For you to find the defendant guilty of this crime, you must be convinced that the government has proved each of the following elements beyond a reasonable doubt:

*First*: That the enterprise alleged in the First Superseding Indictment, the Hells Angels Motorcycle Club, existed;

*Second*: That the enterprise was engaged in, or its activities affected, interstate or foreign commerce;

*Third*: That the defendant knowingly agreed that he or a co-conspirator would be associated with the enterprise;

*Fourth*: That the defendant knowingly agreed that he or a co-conspirator would conduct or participate, either directly or indirectly, in the conduct of the affairs of the enterprise; and

*Fifth*: That the defendant knowingly agreed that he or a co-conspirator would knowingly participate in the conduct of the affairs of the enterprise through a pattern of racketeering, as described in the First Superseding Indictment.

**"ENTERPRISE" – DEFINED – COUNT ONE**

I will now instruct you on the law applicable to each of the elements of RICO Conspiracy.

The first element requires the government to prove beyond a reasonable doubt that an enterprise existed as alleged in the First Superseding Indictment. The First Superseding Indictment alleges that the Hells Angels Motorcycle Club was an enterprise as the law defines that term. As used in these instructions, the term "enterprise" includes any individual, partnership, corporation, association, or other legal entity, and any union or group of individuals associated in fact though not a legal entity.

The term "enterprise" as used in these instructions may include a group of individuals associated in fact, even though this association is not recognized as a legal entity. Thus, an enterprise need not be a formal business entity such as a corporation, but may be merely an informal association of individuals. A group or association of people can be an "enterprise" if these individuals have associated together for a common purpose of engaging in a course of conduct.

The government must prove an association-in-fact enterprise existed by evidence of an ongoing organization, formal or informal, and by evidence that the various associates functioned as a continuing unit. The enterprise must have the three following structural features: (1) a purpose; (2) relationships among those associated with the enterprise; and (3) longevity sufficient to permit these associates to pursue the enterprise's purpose.

It is not necessary that the enterprise have any particular or formal structure, but it must have sufficient organization for its members to function and operate in a coordinated

manner in order to carry out the alleged common purpose or purposes of the enterprise. Such a group need not have a hierarchical structure or a chain of command; members of the group need not have fixed roles; different members may perform different roles at different times. The group need not have a name, regular meetings, dues, established rules and regulations, disciplinary procedures, or induction or initiation ceremonies. It also need not have a unique *modus operandi*, professionalism and sophistication of organization, diversity and complexity of crimes, uncharged or additional crimes aside from predicate acts, an internal discipline mechanism, or an enterprise name.

While the group must function as a continuing unit and remain in existence long enough to pursue a course of conduct, you may nonetheless find that the enterprise element is satisfied by finding a group whose associates engage in spurts of activity punctuated by periods of inactivity.

Moreover, an enterprise is not required to be business-like in its form or function, and it may, but need not, have an economic or profit-seeking motive. Indeed, RICO is not limited to groups whose crimes are sophisticated, diverse, complex, or unique. Such an association may retain its status as an "enterprise" even though the membership of the association changes over time by adding or losing individuals during the course of its existence. The existence of the enterprise continues even if there is a gap or interruption of the enterprise's racketeering activities.

Although the existence of an enterprise is a distinct element that must be proved by the government, it is not necessary to find that the enterprise had some function wholly unrelated to the racketeering activity. Common sense dictates that the existence of an

association-in-fact enterprise is oftentimes more readily proven by what it does rather than by an abstract analysis of its structure. Therefore, you may consider proof of racketeering acts to determine whether the evidence establishes the existence of the charged enterprise, and, further, you may infer the existence of the enterprise from evidence of the pattern of racketeering activity.

The term "enterprise" includes legitimate and illegitimate enterprises. An enterprise can be a vehicle used by the defendant to commit crimes.

AUTHORITY: 2B O'Malley, Grenig and Lee, Federal Jury Practice and Instructions, § 56.04 (6th ed. 2010) (modified).  *United States v. Turkette*, 452 U.S. 576, 583 (1981); *Boyle v. United States*, 129 S. Ct. 2237, 2243, 2244-46 (2009); *United States v. Payne*, 591 F.3d 46, 60 (2d Cir. 2010); *United States v. Olson*, 450 F.3d 655, 668 (7th Cir. 2006); *United States v. Perholtz*, 842 F.2d 343, 362-63 (D.C. Cir. 1988); *Nat'l Org. For Women, Inc. v. Scheidler*, 510 U.S. 249, 259 (1994).

## "ENGAGED IN, OR AFFECTING, INTERSTATE OR FOREIGN COMMERCE" - DEFINED – COUNT ONE

The second element the government must prove beyond a reasonable doubt is that the RICO enterprise was engaged in interstate or foreign commerce, or that its activities affected interstate or foreign commerce. Interstate or foreign commerce means trade, or business, or travel between the states, territories, and possessions of the United States, and foreign commerce means such trade, business, or travel between the United States and another country. The phrase "engaged in, or the activities of which affect, interstate or foreign commerce," as used in these instructions, means to be involved in or to affect in some way trade, or business, or travel between the states. Therefore, interstate or foreign commerce may include the movement of money, goods, services, or persons from one state to another state or the District of Columbia or between the United States and another country. This may include, among other matters, the purchase or sale of goods or supplies from outside the United States or the state in which the enterprise was located, the use of interstate or international mail or wire facilities, or the causing of any of those things.

An enterprise "is generally 'engaged in commerce' when it is itself directly engaged in the production, distribution or acquisition of goods or services in interstate or foreign commerce." If you find that the evidence is sufficient to prove that the enterprise was "engaged in" interstate or foreign commerce, the required nexus to interstate or foreign commerce is established, and therefore the government is not required to prove the alternative that the activities of the enterprise affected interstate or foreign commerce.

Regarding that alternative method of satisfying this element, to establish the requisite effect on interstate or foreign commerce, the government is not required to prove a significant or substantial effect on interstate or foreign commerce. Rather, a minimal effect on interstate or foreign commerce is sufficient. It is not necessary for the government to show that the defendant actually intended or anticipated an effect on interstate or foreign commerce. It is not necessary for the government to prove that individual acts of racketeering themselves affected interstate or foreign commerce; rather, all that is necessary is that the enterprise and its activities affected interstate or foreign commerce, no matter how minimally. The effect must be considered in its entirety, but this effect on interstate or foreign commerce may be established through the effect caused by the individual racketeering acts.

To satisfy this element, the government need only prove beyond a reasonable doubt that the activities of the enterprise considered in their entirety had some minimal effect on interstate or foreign commerce, or that the enterprise was "engaged in" interstate or foreign commerce.

AUTHORITY: 2B O'Malley, Grenig and Lee, <u>Federal Jury Practice and Instructions</u>, § 56.05 (5th ed. 2010); Pattern Jury Instruction of the District Judges Association of the Eleventh Circuit, Offense Instruction No. 71.1 (2003); *United States v. Robertson*, 514 U.S. 669, 671-672 (1995); *United States v. Long*, 651 F.2d 239, 241-42 (4th Cir. 1981); Fifth Cir. Pattern Crim. Jury Instr. 2.79 (last paragraph).

**"DEFENDANT WAS ASSOCIATED WITH THE ENTERPRISE" – COUNT ONE**

The third element the government must prove beyond a reasonable doubt is that the defendant was "associated with" the enterprise.

"Associated with" should be given its plain meaning; that is, "to join, often in a loose relationship as a partner, fellow worker, colleague, friend, companion or ally . . . To join or connect with one another." Therefore, a person is "associated with" an enterprise when, for example, he joins with other members of the enterprise and he knowingly aids or furthers the activities of the enterprise, or he conducts business with or through the enterprise.

It is not required that each defendant agree that any particular conspirator was or would be associated with the enterprise for the entire time the enterprise existed. The government also is not required to prove that the defendant agreed that any particular conspirator had a formal position in the enterprise, or participated in all the activities of the enterprise, or had full knowledge of all the activities of the enterprise, or knew about the participation of all the other members of the enterprise. Rather, it is sufficient that the government prove beyond a reasonable doubt that, at some time during the existence of the enterprise as alleged in the First Superseding Indictment, the defendant agreed that he or a co-conspirator would be "associated with" the enterprise within the meaning of that term as I have just explained it.

AUTHORITY: *United States v. Brandao*, 539 F.3D 44, 51-52 (1st Cir. 2008); *United States v. Delgado*, 401 F.3d 290, 297 (5th Cir. 2005); *United States v. Marino*, 277 F.3d 11, 33

(1st Cir. 2002); *United States v. Zichetello*, 208 F.3d 72, 99 (2d Cir. 2000); *United States v. Tocco*, 200 F.3d 401, 425 (6th Cir. 2000); *United States v. Gabriele*, 63  F.3d  61,  68 (1st Cir, 1995); *United States v. Console*, 13 F.3d 641, 653-54 (3d Cir. 1993); *United States v. Mokol*, 957 F.2d 1410, 1417 (7th Cir. 1992); *United States v. Eufrasio*, 935 F.2d 553, 577 n.29 (3d Cir. 1991); *United States v. Rastelli*, 870 F.2d 827, 828 (2d Cir. 1989) (collecting cases); *United States v. Yonan*, 800 F.2d 164, 167 (7th Cir. 1986); *United States v. Tille*, 729 F.2d 615, 620 (9th Cir. 1984); *United States v. Bright*, 630 F.2d 804, 830 (5th Cir. 1980); *United States v. Herman*, 589 F.2d 1191, 1194, 1198 (3d Cir. 1978), cert. denied, 441 U.S. 913 (1979); *United States v. McMonagle*, 437 F. Supp. 721, 723 (E.D. Pa. 1977); Webster's Third New International Dictionary (1971 ed.) (definition of "associate").

**"CONDUCT, OR PARTICIPATE IN THE CONDUCT OF, THE AFFAIRS OF THE ENTERPRISE" – COUNT ONE**

The fourth element the government must prove beyond a reasonable doubt is that the defendant agreed that he or a conspirator would conduct, or participate in the conduct of, the affairs of the enterprise. The defendant may be convicted of RICO conspiracy even if he did not personally participate in the operation or management of the enterprise when the evidence establishes that the defendant knowingly agreed to facilitate a scheme which, if completed, would constitute a substantive violation of the RICO statute involving at least one conspirator who would participate in the operation or management of the enterprise.

Such proof of operation and management may include evidence that the defendant agreed that a conspirator would intentionally perform acts, functions or duties which are necessary to, or helpful in, the operation of the enterprise, or that a conspirator had some part in directing the enterprise's affairs. However, the government need not prove that the conspirator would exercise significant control over or within the enterprise, or that he had a formal position in the enterprise, or that he had primary responsibility for the enterprise's affairs. Rather, an enterprise is operated not just by upper management but also by lower-rung participants in the enterprise who are under the direction of upper management or carry out upper management's orders. An enterprise also might be operated or managed by one who exerts control over the enterprise.

AUTHORITY: Adapted from 2B O'Malley, Grenig, and Lee, Federal Jury Practice and Instructions § 56.08 (6th ed. 2013); *Reves v. Ernest & Young*, 507 U.S. 170, 179-86 (1993); United States v. Godwin, 765 F.3d 1306, 1320 (11th Cir. 2014); *United States v. Praddy*, 725 F.3d 147, 155-56 (2d Cir. 2013); *United States v. Shamah*, 624 F.3d 449, 454-56 (7th

Cir. 2010); *In re Insurance Brokerage Antitrust Litigation,* 618 F.3d 300, 371 (3d Cir. 2010); *United States v. Burden,* 600 F.3d 204, 214 (2d Cir. 2010); *United States v. Hutchinson*, 573 F.3d 1011, 1034 (10th Cir. 2009); *United States v. Brandao*, 539 F.3d 44, 54 (1st Cir. 2008);*United States v. Lawson*, 535 F.3d 434, 443 (6th Cir. 2008); *United States v. Fowler*, 535 F.3d408, 418 (6th Cir. 2008); *United States v. Browne*, 505 F.3d 1229, 1277 (11th Cir. 2007); *Williams v. Mohawk Indus.*, 465 F.3d 1277, 1285 (11th Cir. 2006); *United States v. Delgado*, 401 F.3d 290, 297-98 (5th Cir.2005); *United States v. Fernandez*, 388 F.3d 1199, 1230 (9th Cir. 2004); *First Capital Asset Mgmt. v. Satinwood, Inc*., 385 F.3d 159, 176-78 (2d Cir. 2004); *United States v. Cianci*, 378 F.3d 71, 96 (1st Cir. 2004); *Baisch v. Gallina*, 346 F.3d 366, 376 (2d Cir. 2003); *United States v. Shryock*, 342 F.3d 948, 985-86 (9th Cir. 2003); *United States v. Warneke*, 310 F.3d 542, 548 (7th Cir. 2002); *United States v. Swan*, 250 F.3d 495, 499 (7th Cir. 2000), amended by 224 F.3d 632 (2001); *Slaney v. Int'l Amateur Athletic Fed'n*, 244 F.3d 580, 598 (7th Cir. 2001); *BancOklahoma Mortg. Corp. v. Capital Tile Co*., 194 F.3d 1089, 1101-02 (10th Cir. 1999); *United States v. Diaz*, 176 F.3d 52, 92-93 (2d Cir. 1999); *United States v. Owens*, 167 F.3d 739, 753-54 (1st Cir. 1999); *United States v. Hurley*, 63 F.3d 1, 11 (1st Cir. 1995); *United States v. Thai*, 29 F.3d 785, 816 (2d Cir. 1994); *United States v. Wong*, 40 F.3d 1347, 1373 (2d Cir. 1994); *United States v. Viola*, 35 F.3d 37, 40-41 (2d Cir. 1994); *United States v. Oreto*, 37 F.3d 739, 750 (1st Cir. 1994); *United States v. Weiner*, 3 F.3d 17, 23-24 (1st Cir. 1993).

**PATTERN OF RACKETEERING ACTIVITY – COUNT ONE**

The fifth element the government must prove beyond a reasonable doubt is that the defendant agreed that a conspirator would engage in a pattern of racketeering. A pattern of racketeering activity requires at least two acts of racketeering, the last of which occurred within ten years after the commission of a prior act of racketeering, excluding any period of imprisonment. To establish a "pattern of racketeering activity" as alleged in Count One of the First Superseding Indictment, the government must prove three elements beyond a reasonable doubt:

*First*: The defendant agreed that a conspirator, which could include the defendant himself, did or would intentionally commit, or cause to be committed, or aid and abet the commission of, two or more racketeering acts of a type or types alleged in the First Superseding Indictment. I will define those types of racketeering activity for you shortly.

*Second:* The racketeering activity must have a "nexus" to the enterprise and the racketeering activity must have been "related." Racketeering activity has a "nexus" to the enterprise if it has a meaningful connection to the enterprise. To be "related," the racketeering activity had or would have the same or similar purposes, results, participants, victims, or methods of commission, or be otherwise interrelated by distinguishing characteristics and not be merely isolated events. Two racketeering acts of the type or types of racketeering activity described in the First Superseding Indictment can be "related" even though they are dissimilar or not directly related to each other, provided that the racketeering acts are or would be related to the same enterprise. For example, for both "nexus" and "relatedness" purposes, the requisite relationship between the RICO enterprise

and a racketeering act can be established by evidence that the defendant's position in the enterprise would facilitate his commission of the racketeering act, or by evidence that the racketeering act would benefit the enterprise or further the purposes of the enterprise.

*Third:* The racketeering acts must have either extended over a substantial period of time or posed a threat of continued criminal activity. The government may satisfy this requirement in a variety of ways. For example, the threat of continued unlawful activity may be established if the evidence shows that the racketeering acts are part of a long-term association that exists for criminal purposes, or that the racketeering acts are the regular way of conducting the affairs of the enterprise. Moreover, in determining whether the government has proven the threat of continued unlawful activity, you are not limited to consideration of the specific racketeering acts or types of racketeering activity charged in Count One; rather, in addition to considering such activity you may also consider the nature of the enterprise, and other unlawful activity of the enterprise and its members viewed in their entirety, including both charged and uncharged unlawful activities.

I will now instruct you on the types of racketeering activity that are alleged in the First Superseding Indictment.

### **Importation of Cocaine – 21 U.S.C. § 952**

Under federal law, it is a crime to knowingly or intentionally import a controlled substance. Cocaine is a controlled substance within the meaning of this law.

This type of racketeering activity requires the following elements:

*First*: That the person brought a controlled substance, in this case cocaine, into the United States from a place outside the United States;

*Second*: That the person knew the substance he was bringing into the United States was a controlled substance; and

*Third*: That the person knew that the controlled substance would enter the United States.

AUTHORITY:  Fifth Circuit Pattern Jury Instructions (2019 ed.) at 443; 18 U.S.C. § 963 (modified).
.

## **Exportation of Cocaine – 21 U.S.C. § 953**

Under federal law, it is a crime to knowingly or intentionally to export a controlled substance.  Cocaine is a controlled substance within the meaning of this law.

This type of racketeering activity requires the following elements:

*First*: That the person brought a controlled substance, in this case cocaine, out of the United States from a place inside the United States;

*Second*: That the person knew the substance he was bringing out of the United States was a controlled substance; and

*Third*: That the person knew that the controlled substance would leave the United States.

AUTHORITY:  Fifth Circuit Pattern Jury Instructions (2019 ed.) at 443 (modified); 18 U.S.C. § 963.

## Manufacture or Distribute Cocaine Intending, Knowing, or with the Reason to Believe that the Cocaine Will Be Unlawfully Imported into the United States – 21 U.S.C. § 959

Under federal law, it is a crime to manufacture or distribute a controlled substance intending, knowing, or having reasonable cause to believe that such substance will be unlawfully imported into the United States.  Cocaine is a controlled substance within the meaning of this law.

This type of racketeering activity requires the following elements:

*First*: That the person manufactured or distributed a controlled substance, in this case cocaine; and

*Second*: That the person intended, knew, or had reasonable cause to believe that such substance will be unlawfully imported into the United States.

AUTHORITY:  Fifth Circuit Pattern Jury Instructions (2019 ed.) at 443 (modified); 21 U.S.C. § 963.


## Conspiracy to Import and Export Cocaine or to Manufacture and Distribute Cocaine Intending, Knowing, or with the Reason to Believe that the Cocaine Will Be Unlawfully Imported into the United States – 21 U.S.C. § 963

Under federal law, it is a crime to conspire to commit any of the three controlled substance offenses I just instructed you on; that is, importation of cocaine, exportation of cocaine, or manufacturing and distributing cocaine intending, knowing, or with reason to believe that the cocaine will be unlawfully imported into the United States.

As I have already instructed you, a "conspiracy" is an agreement between two or more persons to commit some unlawful purpose. My earlier instruction on the principles of conspiracy law applies equally to this type of racketeering activity.

### Killing While Engaged in Drug Trafficking – 21 U.S.C. § 848(e)

Under federal law, it is a crime to cause the intentional killing of a person while engaging in certain drug-related offenses. This type of racketeering activity requires the following elements:

*First:* An individual was intentionally killed;

*Second:* The defendant killed the individual, or counseled, commanded, induced, procured, or caused the intentional killing of the individual; and

*Third:* The defendant did so while engaging in a controlled substance offense involving at least 5 kilograms of a mixture and substance containing a detectable amount of cocaine.

AUTHORITY: Fifth Circuit Pattern Jury Instructions (2019 ed.) at 439.

### Laundering of Monetary Instruments - 18 U.S.C. § 1956(a)(2)(A) and (h)

Under federal law, it is a crime for anyone to engage in certain financial transactions with the intent to promote the carrying on of specified unlawful activity. This type of racketeering activity requires the following elements:

*First:* The person knowingly transported, transmitted, or transferred a monetary instrument or funds;

*Second*: The transportation, transmittal, or transfer was to a place in the United States from or through a place outside the United States; and

*Third*: The person did so with the intent to further or promote the continued success of the specified unlawful activity, namely, the importation or exportation of cocaine.

The term "monetary instruments" includes coin or currency of the United States, personal checks, bank checks, and money orders.

It is also a crime to conspire — that is, to agree — to commit this crime. My earlier instruction on the principles of conspiracy law applies equally to this type of racketeering activity.

AUTHORITY:  Fed. Crim. Jury Instr. 7th Cir. (2020 ed.) at 801, 809; 18 U.S.C. § 1956(h).


**Acts Involving Murder Under Texas Law**

Under Texas law, it is a crime to commit murder.  A person commits murder if he intentionally or knowingly causes the death of an individual.  "Individual" means a human being who is alive, including an unborn child at every stage of gestation from fertilization until birth.  A person acts intentionally, or with intent, with respect to a result of his conduct when it is his conscious objective or desire to cause the result.  A person acts knowingly, or with knowledge, with respect to a result of his conduct when he is aware that his conduct is reasonably certain to cause the result.

Under Texas law, it is also a crime to solicit murder. A person commits solicitation of murder if, with intent that murder be committed, he requests, commands, or attempts to induce another to engage in specific conduct that, under the circumstances surrounding his conduct as the person believes them to be, would constitute murder or make the other a party to its commission. A person may not be convicted of criminal solicitation on the uncorroborated testimony of the individual allegedly solicited unless the solicitation is made under circumstances strongly corroborative of both the solicitation itself and the actor's intent that the other individual act on the solicitation. It is no defense to prosecution under this section that the individual being solicited was an undercover law enforcement officer.

AUTHORITY: Texas Penal Code §§ 19.02 (Murder); 15.03 (Criminal Solicitation) (modified); Texas Crim. Jury Charges § 6:450 Murder (Intentionally or knowingly causing death).


That concludes my explanation of the types of racketeering activity that are alleged in Count One of the First Superseding Indictment. To find the defendant guilty of RICO Conspiracy, you do not need to find that he agreed that all of these types of racketeering activity would be committed; only that two acts of any type or type(s) would be committed. However, your verdict must be unanimous as to which type or types of racketeering activity the defendant agreed would be committed: for example, at least two acts of drug trafficking, two acts of money laundering, or any combination thereof (that is, one act of drug trafficking and one act of money laundering).

## ESSENCE OF A RICO CONSPIRACY – DEFINED – COUNT ONE

Because the essence of a RICO conspiracy offense is the *agreement* to commit a substantive RICO offense, the government need only prove that if the conspiracy offense were completed as contemplated, a conspirator (who could be, but need not be, the defendant himself) would have been associated with the enterprise, and would have conducted or participated in the affairs of the enterprise through a pattern of racketeering activity. The government is not required to prove that any conspirator was actually associated with the enterprise. Nor is the government required to prove that the defendant or any other person actually committed two racketeering acts, or that the defendant agreed to personally commit two racketeering acts. Rather, it is sufficient if the government proves beyond a reasonable doubt that the defendant agreed to participate in the enterprise with the knowledge and intent that at least one member of the RICO conspiracy (who could be, but need not be, the defendant himself) would commit at least two racketeering acts in the conduct of the affairs of the enterprise.

To establish the requisite conspiratorial agreement, the government is not required to prove that each co-conspirator explicitly agreed with every other co-conspirator to violate the RICO statute, knew all his fellow conspirators, or was aware of all of the details of the conspiracy. Rather to establish sufficient knowledge, it is only required that the defendant knew the general nature and common purpose of the conspiracy and that the conspiracy extended beyond his individual role.

The elements of a RICO conspiracy, such as the conspiratorial agreement, the defendant's knowledge of it, and the defendant's participation in the conspiracy, may be

inferred from circumstantial evidence. For example, when the evidence establishes that the defendant and at least one other conspirator committed several acts in furtherance of the charged enterprise's affairs, you may infer the existence of the requisite agreement to commit a RICO offense. However, you must determine whether, based on the entirety of the evidence, the government has proven that the defendant entered into the required conspiratorial agreement.


AUTHORITY: 2B O'Malley, Grenig, and Lee, <u>Federal Jury Practice and Instructions</u> § 56.11 (6th ed. 2013); Third Circuit Manual of Model Jury Instructions 6.18.1962D (West 2014 ed); Seventh Circuit Pattern Jury Instructions (1999 ed.); Eleventh Circuit Pattern Jury Instructions § 71.2 (2003 ed.); *Salinas v. United States*, 522 U.S. 52, 62-65 (1997); *United States v. Pratt*, 728 F.3d 463, 477 (5th Cir. 2013); *Iannelli v United States*, 420 U.S. 770, 777 (1975); *United States v. Cain*, 671 F.3d 271, 291 (2d Cir. 2012); *United States v. Mouzone*, 687 F.3d 207, 218 (4th Cir. 2012); *United States v. Tello*, 687 F.3d 785, 792 (7th Cir. 2012); *United States v. Applins*, 637 F.3d 59, 73-75, 80-82 (2d Cir. 2011); *United States v. Yannotti*, 541 F.3d 112, 122 (2d Cir. 2008); *United States v. Hein*, 395 Fed. App'x 652, 654-56 (11th Cir. 2010); *Chaney v. Dreyfus Serv. Corp.*, 595 F.3d 219, 239-40 (5th Cir. 2010); *United States v. Fiander*, 547 F.3d 1036, 1041-42 (9th Cir. 2008); *United States v. Lawson*, 535 F.3d 434, 445 (6th Cir. 2008); *United States v. Quinones*, 511 F.3d 289, 316 (2d Cir. 2007); *United States v. Driver*, 535 F.3d 424, 432 (6th Cir. 2008); *United States v. Fowler*, 535 F.3d 408, 420 (6th Cir. 2008); *United States v. Useni*, 516 F.3d 634, 646-48 (7th Cir. 2008); *United States v. Browne*, 505 F.3d 1229, 1265 (11th Cir. 2007); *United States v. Smith*, 413 F.3d 1253, 1272-73 (10th Cir. 2005); *United States v. Pipkins*, 378 F.3d 1281, 1288 (11th Cir. 2004); *Smith v. Berg*, 247 F.3d 532, 537-38 (3d Cir. 2001); *United States v. Posada-Rios*, 158 F.3d 832, 857 (5th Cir. 1998); *United States v. Saadey*, 393 F.3d 669, 676 (6th Cir. 2005); *United States v. To*, 144 F.3d 737, 744 (11th Cir. 1998); *United States v. Pipkins*, 378 F.3d 1281, 1288 (11th Cir. 2004); *United States v. Lee*, 374 F.3d 637, 646-47 (8th Cir. 2004); *United States v. Abbell*, 271 F.3d 1286, 1299 (11th Cir. 2001); *United States v. Ciccone*, 312 F.3d 535, 542 (2d Cir. 2002); *United States v. Harriston*, 329 F.3d 779, 785 (11th Cir. 2003); *United States v. Nguyen*, 255 F.3d 1335, 1341 (11th Cir. 2001); *United States v. Eufrasio*, 935 F.2d 553, 577 (3d Cir. 1991); *United States v. Rastelli*, 870 F.2d 822, 825 (2d Cir. 1989); *MCM Partners, Inc. v. Andrews-*

*Bartlett & Assocs.*, 62 F.3d 967, 979 (7th Cir. 1995); *United States v. Starrett*, 55 F.3d 1525, 1543-44, 1547-48 (11th Cir. 1995); *United States v. Zichettello*, 208 F.3d 72, 100 (2d Cir. 2000); *United States v. Neapolitan*, 791 F.2d 489, 498 (7th Cir. 1986); *United States v. Elliot*, 571 F.2d 880, 903-04 (5th Cir. 1978); *Napoli v. United States*, 45 F.3d 680, 683-84 (2d Cir. 1995); *United States v. Viola*, 35 F.3d 37, 42-43 (2d Cir. 1994); *United States v. Quintanilla*, 2 F.3d 1469, 1484-85 (7th Cir. 1993); *United States v. Larson*, 2011 WL 9029985, at *4 (W.D.N.Y. December 5, 2011).

## COUNT TWO: CONSPIRACY TO IMPORT AND EXPORT COCAINE OR TO MANUFACTURE AND DISTRIBUTE COCAINE INTENDING, KNOWING, OR WITH THE REASON TO BELIEVE THAT THE COCAINE WILL BE UNLAWFULLY IMPORTED INTO THE UNITED STATES

### 21 U.S.C. § 963

Title 21, United States Code, Section 963, makes it a crime to conspire to commit certain drug offenses, including importing cocaine into the United States; exporting cocaine from the United States; or manufacturing or distributing cocaine, intending, knowing, or with reason to believe that it would be unlawfully imported into the United States. I have already instructed you on the elements of these offenses when I discussed the racketeering activities alleged in Count One. Those same instructions apply here.

As I have already instructed you, a "conspiracy" is an agreement between two or more persons to commit some unlawful purpose. My earlier instruction on the principles of conspiracy law applies equally to the drug conspiracy charged in Count Two.

For you to find the defendant guilty of this crime, you must be convinced that the government has proved each of the following beyond a reasonable doubt:

*First*: That two or more persons, directly or indirectly, reached an agreement to import cocaine, export cocaine, and/or manufacture or distribute cocaine, intending, knowing, or with reason to believe that it would be unlawfully imported into the United States. You do not need to find that agreement involved all three of these unlawful objectives. It is sufficient if you find that the agreement involved any one of them.

*Second*: That the defendant knew of the unlawful purpose of the agreement; and

*Third*: That the defendant joined in the agreement willfully, that is, with the intent to further its unlawful purpose.

# 1.27 UNANIMITY OF THEORY

You have been instructed that your verdict, whether it is guilty or not guilty, must be unanimous. The following instruction applies to the unanimity requirement as to Count Two.

Count Two of the First Superseding Indictment accuses the defendant of committing the crime of conspiracy in three different ways. The first is that the defendant conspired to import cocaine. The second is that the defendant conspired to export cocaine. The third is that the defendant conspired to manufacture or distribute cocaine, intending, knowing, or with reason to believe that it would be unlawfully imported into the United States.

The government does not have to prove all of these for you to return a guilty verdict on this charge. Proof beyond a reasonable doubt on one is enough. But in order to return a guilty verdict, all of you must agree that the same one has been proved. All of you must agree that the government proved beyond a reasonable doubt that the defendant conspired to import cocaine; or, all of you must agree that the government proved beyond a reasonable doubt that the defendant conspired to export cocaine; or, all of you must agree that the government proved beyond a reasonable doubt that the defendant conspired to manufacture or distribute cocaine, intending, knowing, or with reason to believe that it would be unlawfully imported into the United States.

## COUNT THREE: CONSPIRACY TO COMMIT MONEY LAUNDERING
## 18 U.S.C. § 1956(h)

Title 18, United States Code, Section 1956(h), makes it a crime to conspire to commit money laundering. I have already instructed you on the elements of money laundering when I discussed the racketeering activities alleged in Count One. Those same instructions apply here.

As I have already instructed you, a "conspiracy" is an agreement between two or more persons to commit some unlawful purpose. My earlier instruction on the principles of conspiracy law applies equally to the money laundering conspiracy charged in Count Three.

For you to find the defendant guilty of this crime, you must be convinced that the government has proved each of the following beyond a reasonable doubt:

*First*: That the defendant and at least one other person made an agreement to commit the crime of money laundering, that is, to transport, transmit, and transfer, and attempt to transport, transmit, and transfer, a monetary instrument and funds from a place outside the United States to a place inside the United States with the intent to promote the carrying on of specified unlawful activity, that is, the drug trafficking conspiracy charged in Count Two of the First Superseding Indictment;

*Second*: That the defendant knew the unlawful purpose of the agreement; and

*Third*: That the defendant joined in the agreement willfully, that is, with the intent to further the unlawful purpose.

AUTHORITY:  Fifth Circuit Pattern Jury Instructions (2019 ed.) at 341 (modified).

## 1.26  DUTY TO DELIBERATE – VERDICT FORM

To reach a verdict, whether it is guilty or not guilty, all of you must agree.  Your verdict must be unanimous on each count of the indictment.

It is your duty to consult with one another and to deliberate in an effort to reach agreement if you can do so.  Each of you must decide the case for yourself, but only after an impartial consideration of the evidence with your fellow jurors.  Do not let any bias, sympathy, or prejudice that you may feel toward one side or the other influence your decision in any way.  In particular, do not let racial, ethnic, national origin, or other bias influence your decision in any way.  During your deliberations, do not hesitate to reexamine your own opinions and change your mind if convinced that you were wrong.  But do not give up your honest beliefs as to the weight or effect of the evidence solely because the opinion of your fellow jurors, or for the mere purpose of returning a verdict.

Remember at all times, you are judges—judges of the facts.  Your duty is to decide whether the government has proved the defendant guilty beyond a reasonable doubt.

When you go to the jury room, the first thing that you should do is select one of your number as your foreperson, who will help to guide your deliberations and will speak for you here in the courtroom.

A verdict form has been prepared for your convenience.  The verdict form consists of three pages: one for each count.  For each count, if you unanimously find the defendant guilty beyond a reasonable doubt, check the box for "guilty" on that page.  If you unanimously find the defendant not guilty, check the box for "not guilty."

The page of the verdict form for Count One includes additional questions that you should answer only if you find the defendant guilty of that count. In the event you find the defendant guilty of RICO Conspiracy, you will then need to decide first whether, as part of the RICO conspiracy, the defendant agreed that one or more members of the conspiracy would violations of 21 U.S.C. § 952, 953, and/or 959 involving a total of at least 5 kilograms of a mixture and substance containing a detectable amount of cocaine.

You will then need to decide whether, as part of the RICO conspiracy, the defendant solicited the murder of Victim 1 under Texas law in exchange for remuneration or the promise of remuneration. I have already instructed you on the offense of solicitation of murder. The term "remuneration" is meant as payment by one person to another in compensation of a specific service or services rendered pursuant to an agreement.

You will finally need to decide whether, as part of the RICO conspiracy, the defendant solicited the murder of Victim 2 under Texas in exchange for remuneration or the promise of remuneration.

Similarly, the page of the verdict form for Count Two includes an additional question that you should answer only if you find the defendant guilty of that count. In the event you find the defendant guilty of the drug trafficking conspiracy charged in Count Two, you must then decide whether the conspiracy involved at least 5 kilograms of a mixture or substance containing a detectable amount of cocaine. For you to answer "yes" to this question, you must be convinced that the government has proved each of the following beyond a reasonable doubt: *First*: That the overall scope of the conspiracy involved at least 5 kilograms of a mixture or substance containing a detectable amount of

cocaine; and *Second*: That the defendant knew or reasonably should have known that the scope of the conspiracy involved at least 5 kilograms of a mixture or substance containing a detectable amount of cocaine.

The foreperson will write the unanimous verdict of the jury in the space provided for each count of the indictment, either "guilty" or "not guilty," and for each additional question, either "yes" or "no." At the conclusion of your deliberations, the foreperson should date and sign the verdict.

If you need to communicate with me during your deliberations, the foreperson should write the message and give it to the court security office. I will either reply in writing or bring you back into the court to answer your message.

Bear in mind that you are never to reveal to any person, not even to the court, how the jury stands, numerically or otherwise, on any count of the indictment, until after you have reached a unanimous verdict.

AUTHORITY: Texas Crim. Jury Charges § 6:510 (modified) (solicitation of murder); Fifth Circuit Pattern Jury Instructions (2019 ed.) at 432-33 (modified) (drug quantities).

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | |
| | § | CRIMINAL NO. 1:20-CR-78 |
| MARIUS LAZAR, | § | |
| a/k/a "Mario" | § | |
| | § | |

## **VERDICT OF THE JURY**

## **COUNT ONE**

We, the jury, find as to the defendant, **Marius Lazar**, in the offense charged in

Count One of the First Superseding Indictment, RICO Conspiracy:

_____        Guilty

_____        Not Guilty

We, the jury, having found Marius Lazar guilty of RICO Conspiracy, further find that:

The conspiracy involved at least 5 kilograms of cocaine:

_____        _____
YES          NO

The defendant solicited the murder of Victim 1 under Texas

law in exchange for remuneration or the promise of

remuneration:

_____        _____
YES          NO

The defendant solicited the murder of Victim 2 under Texas

law in exchange for remuneration or the promise of

remuneration:

_____        _____
YES          NO

## COUNT TWO

We, the jury, find as to the defendant, **Marius Lazar**, in the offense charged in Count Two of the First Superseding Indictment, Conspiracy to Import and Export Cocaine or to Manufacture and Distribute Cocaine Intending, Knowing, or with the Reason to Believe that the Cocaine Will Be Unlawfully Imported into the United States:

_____     Guilty

_____     Not Guilty

We, the jury, having found Marius Lazar guilty of Conspiracy to Import and Export Cocaine or to Manufacture and Distribute Cocaine Intending, Knowing, or with the Reason to Believe that the Cocaine Will Be Unlawfully Imported into the United States, further find that:

The conspiracy involved at least 5 kilograms of cocaine:

_____     _____
YES         NO

## <u>COUNT THREE</u>

We, the jury, find as to the defendant, **Marius Lazar**, in the offense charged in Count Three of the First Superseding Indictment, Conspiracy to Commit Money Laundering:

＿＿＿＿＿＿＿    Guilty

＿＿＿＿＿＿＿    Not Guilty