|  |  |
|---|---|
| **UNITED STATES DISTRICT COURT** | **EASTERN DISTRICT OF TEXAS** |

UNITED STATES OF AMERICA       §
                               §
*versus*                       §    CASE NO. 1:20-CR-78
                               §
MARIUS LAZAR (3)               §

## MEMORANDUM AND ORDER

Pending before the court is Defendant Marius Lazar's ("Lazar") Motion to Compel the Government to Provide Discovery and Comply with the Court's Discovery Order (#76). The Government filed a response (#95). Having considered the motion, the submissions of the parties, the record, and the applicable law, the court is of the opinion that the motion should be denied.

On September 17, 2020, a grand jury in the Eastern District of Texas returned a two-count Indictment against Lazar and three codefendants, charging them in Count One with Conspiracy to Import and Export Cocaine and to Manufacture and Distribute Cocaine Intending, Knowing, and with the Reason to Believe that the Cocaine Will Be Unlawfully Imported into the United States, in violation of 21 U.S.C. § 963, and in Count Two with Conspiracy to Commit Money Laundering, in violation of 18 U.S.C. § 1956(h). On November 4, 2020, the grand jury returned a First Superseding Indictment, which added a fourth codefendant and included an additional count that charged Lazar and three of his codefendants with Racketeering Conspiracy, in violation of 18 U.S.C. § 1962(d). This case is set for jury selection and trial on Monday, November 6, 2023.

Lazar contends that this case involves dozens of conversations and communications between an undercover agent with the Drug Enforcement Administration ("DEA") and the defendants, including Lazar. Lazar asserts that the recorded audio conversations have been transcribed and disclosed to him; however, the Government has not provided Lazar with a printout

of the conversations made through the text messaging platform Wickr.  Rather, the Government has given Lazar "approximately 254 separate videos of someone filming a cell phone while scrolling through it showing what appears to be text messages" and "approximately 277 photographs of what appears to be text messages on a cell phone."  This manner of production, according to Lazar, fails to comply with Federal Rule of Criminal Procedure 16, as well as the court's discovery order.  Lazar requests that the court compel the Government to produce a complete set of the Wickr messages, a forensic download of the cell phone used to communicate the messages with the defendants or, in the alternative, that the Government show cause why same cannot be done.

In response, the Government explains that certain features of the Wickr application made it necessary for the DEA undercover agent to use an alternative method of preserving his communications with the defendants.  Specifically, he used a separate device to record videos of the conversations as they appeared on the screen of the undercover phone.  The Government notes that Wickr messages are subject to 256-bit encryption, are not easily accessible by common phone extraction devices, and are ephemeral (meaning they can auto-delete in as little as 3 seconds)[1].  Moreover, the Government asserts that Wickr is incapable of providing message content to law enforcement in response to judicial process because Wickr messages are not saved on Wickr servers beyond 6 days, the messages are encrypted, and Wickr utilizes thousands of servers

---

[1] The Government explains that "By default, the Expiration Timer is set to 6 days; it can be shortened to as little as 6 hours, but it cannot be extended beyond 6 days.  After the Expiration Timer elapses, the message will disappear, regardless of whether the recipient read the message.  The "Burn-on-Read" setting, which users can optionally enable, causes a user's messages to disappear on both the sender's and receiver's devices a set time after the recipient has read the message.  The Burn-on-Read setting can be set to as low as 3 seconds and as high as 6 days."  The Government further contends that "at various times during the conspiracy, certain conspirators set the "Burn-on-Read" option to delete their messages after an extremely short time period (in some cases, mere seconds)."

worldwide. The Government avers that "these features made it practically impossible from the start for the government to preserve and produce the chats in the format the defense now demands."

"There is no general constitutional right to discovery in a criminal case . . . ." *Weatherford v. Bursey*, 429 U.S. 545, 559 (1977); *accord Wooten v. Thaler,* 598 F.3d 215, 219 (5th Cir.), *cert. denied*, 562 U.S. 921 (2010); *United States v. Fischel*, 686 F.2d 1082, 1091 (5th Cir. 1982). Rather, discovery in criminal cases is narrowly limited and is largely governed by the Federal Rules of Criminal Procedure. *Fischel*, 686 F.2d at 1090. "Rule 16 is a discovery rule designed to protect defendants by compelling the prosecution to turn over to the defense evidence material to the charges at issue." *Yates v. United States*, 574 U.S. 528, 539 (2015); *see* FED. R. CRIM. P. 16. Specifically, Rule 16 provides:

> (A) Defendant's Oral Statement. Upon a defendant's request, the government must disclose to the defendant the substance of any relevant oral statement made by the defendant, before or after arrest, in response to interrogation by a person the defendant knew was a government agent if the government intends to use the statement at trial.
>
> (B) Defendant's Written or Recorded Statement. Upon a defendant's request, the government must disclose to the defendant, and make available for inspection, copying, or photographing, all of the following:
>
>> (i) any relevant written or recorded statement by the defendant if:
>>
>>> the statement is within the government's possession, custody, or control; and
>>>
>>> the attorney for the government knows—or through due diligence could know—that the statement exists;
>>
>> (ii) the portion of any written record containing the substance of any relevant oral statement made before or after arrest if the defendant made the statement in response to interrogation by a person the defendant knew was a government agent; and

>     (iii) the defendant's recorded testimony before a grand jury relating to the charged offense.

FED. R. CRIM. P. 16(a)(1). "The Federal Rules of Criminal Procedure 'are to be interpreted to provide for the just determination of every criminal proceeding, to secure simplicity in procedure and fairness in administration, and to eliminate unjustifiable expense and delay.'" *United States v. Satary*, No. CR 19-197, 2020 WL 5850163, at *8 (E.D. La. Oct. 1, 2020) (quoting *United States v. Meredith*, No. 3:12-CR-00143-CRS, 2015 WL 5570033, at *1 (W.D. Ky. Sept. 22, 2015)).

Rule 16 does not specify the manner in which the Government must disclose such evidence nor does Lazar cite any authority suggesting that a district court must order the Government to produce the Wickr messages in a particular configuration. *See United States v. Warshak*, 631 F.3d 266, 296 (6th Cir. 2010) ("Furthermore, it bears noting that Federal Rule of Criminal Procedure 16, which governs discovery in criminal cases, is entirely silent on the issue of the form that discovery must take; it contains no indication that documents must be organized or indexed."). Here, the court finds the Government's explanation of the manner in which it produced the Wickr messages to be satisfactory. Moreover, there is no evidence that the Government acted in bad faith or intentionally obscured the defense's ability to review the Wickr messages. Finally, the court has reviewed copies of the Government's anticipated trial exhibits, including photographs of the Wickr messages, and has found them to be adequate and sufficiently usable by the defendant. *See Satary*, 2020 WL 5850163, at *8 ("The Court may order the government's manner of production to be in a format usable by the defendant.") (quoting *Meredith*, 2015 WL 5570033, at *1).

Accordingly, Lazar's Motion to Compel the Government to Provide Discovery and Comply with the Court's Discovery Order (#76) is DENIED.

SIGNED at Beaumont, Texas, this 1st day of November, 2023.

_____
MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE