|  |  |
|---|---|
| UNITED STATES DISTRICT COURT | EASTERN DISTRICT OF TEXAS |

UNITED STATES OF AMERICA §
§
*versus* § CASE NO. 1:20-CR-78
§
MARIUS LAZAR (3) §

## MEMORANDUM AND ORDER

Pending before the court is Defendant Marius Lazar's ("Lazar") Motion for Notice of Rule 404(b) Evidence (#72). The Government filed a response (#96). Having considered the motion, the submissions of the parties, the record, and the applicable law, the court is of the opinion that the motion should be denied.

On September 17, 2020, a grand jury in the Eastern District of Texas returned a two-count Indictment against Lazar and three codefendants, charging them in Count One with Conspiracy to Import and Export Cocaine and to Manufacture and Distribute Cocaine Intending, Knowing, and with the Reason to Believe that the Cocaine Will Be Unlawfully Imported into the United States, in violation of 21 U.S.C. § 963, and in Count Two with Conspiracy to Commit Money Laundering, in violation of 18 U.S.C. § 1956(h). On November 4, 2020, the grand jury returned a First Superseding Indictment, which added a fourth codefendant and included an additional count that charged Lazar and three of his codefendants with Racketeering Conspiracy, in violation of 18 U.S.C. § 1962(d). This case is set for jury selection and trial on Monday, November 6, 2023.

Lazar broadly requests that the court order the Government to "provide to the defense before trial reasonable notice of the general nature of any evidence of crimes, wrongs, or other acts that it intends to offer at trial" as required by Rule 404(b)(2)(A) of the Federal Rules of Evidence. Federal Rule of Evidence 404(b)(3) requires that "in a criminal case, the prosecutor

must provide reasonable notice of any such evidence that the prosecutor intends to offer at trial, so that the defendant has a fair opportunity to meet it; articulate in the notice the permitted purpose for which the prosecutor intends to offer the evidence and the reasoning that supports the purpose; and do so in writing before trial—or in any form during trial if the court, for good cause, excuses lack of pretrial notice." FED. R. EVID. 404(b)(3).

The Government contends that none of its evidence implicates Rule 404(b); rather, "anything referenced in either the indictment or provided in discovery is intrinsic to the charged offense." The Government further states that it intends to introduce evidence and testimony related to uncharged acts demonstrating Lazar's association with and membership in the Hells Angels Motor Cycle Club ("Hells Angels") as well as evidence of the pattern of racketeering activity in which the enterprise engaged. Notably, Lazar does not identify any other acts that he believes are likely to arise at trial.

It is well settled that Rule 404(b) does not apply to other act evidence that is intrinsic to the crime charged. *United States v. Castillo-Rubio*, 34 F.4th 404, 409 (5th Cir. 2022); *United States v. Williams*, 774 F. App'x 871, 878 (5th Cir. 2019); *United States v. Lockhart*, 844 F.3d 501, 512 (5th Cir. 2016); *United States v. Guerrero*, 768 F.3d 351, 365 (5th Cir. 2014), *cert. denied*, 575 U.S. 916 (2015); *United States v. Stephens*, 571 F.3d 401, 410 (5th Cir. 2009). "'Other acts' evidence is intrinsic when it is inextricably intertwined with the charged offense, when both acts are part of the same criminal episode, or when the 'other act' was a necessary preliminary step toward the completion of the charged crime." *United States v. Williams*, 30 F.4th 263, 267 n.3 (5th Cir. 2022); *United States v. Berreles*, 783 F. App'x 453, 454 (5th Cir. 2019) (quoting *United States v. Crawley*, 533 F.3d 349, 353-54 (5th Cir.), *cert. denied*, 555 U.S.

1007 (2008)); *accord United States v. Lucas*, 849 F.3d 638, 643 (5th Cir. 2017); *United States v. Kinchen*, 729 F.3d 466, 471 (5th Cir. 2013). "Intrinsic evidence is 'admissible to complete the story of the crime by proving the immediate context of events in time and place.'" *Kinchen*, 729 F.3d at 471 (citing *United States v. Coleman*, 78 F.3d 154, 156 (5th Cir.), *cert. denied*, 519 U.S. 891 (1996)). Intrinsic evidence is also admissible to permit the jury to "evaluate all of the circumstances under which the defendant acted." *United States v. Rice*, 607 F.3d 133, 141 (5th Cir.) (citing *United States v. Randall*, 887 F.2d 1262, 1268 (5th Cir. 1989)), *cert. denied sub nom. Cormier v. United States*, 562 U.S. 941 (2010); *accord Waste Mgmt. of La., L.L.C. v. River Birch, Inc.*, 920 F.3d 958, 967 (5th Cir. 2019).

Here, the Government asserts that evidence related to uncharged acts demonstrating Lazar's association with and membership in the Hells Angels, as well as evidence of the pattern of racketeering activity in which the enterprise engaged, is intrinsic to the offenses charged. The court agrees. "Acts committed in furtherance of the charged conspiracy are themselves part of the act charged, not 'other acts' within the meaning of Rule 404(b)." *Castillo-Rubio*, 34 F.4th at 410 (citing *United States v. Miller*, 116 F.3d 641, 682 (2d Cir. 1997), *cert. denied*, 524 U.S. 905 (1998)). Also, evidence is intrinsic to a conspiracy if it is relevant to establishing how the conspiracy came about and how it was structured. *United States v. Watkins*, 591 F.3d 780, 785 (5th Cir. 2009); *United States v. Krout*, 66 F.3d 1420, 1431 (5th Cir. 1995) ("[E]vidence of acts committed pursuant to a conspiracy and offered to prove the defendant's membership or participation in the conspiracy are not extrinsic evidence."), *cert. denied*, 516 U.S. 1136 (1996).

Further, "[t]he government is not limited in its proof of a conspiracy or racketeering enterprise to the overt or racketeering acts alleged in the indictment." *Krout*, 66 F.3d at 1425

(citing *United States v. Wilson*, 657 F.2d 755, 763 (5th Cir. 1981), *cert. denied*, 455 U.S. 951 (1982)). Thus, uncharged acts may be admitted to prove the allegations in the indictment concerning the means and methods of the alleged enterprise. *Id.*; *see*, *e.g.*, *United States v. Santibanez*, 812 F. App'x 207, 210 (5th Cir.) ("In cases involving enterprises engaged in racketeering activities, the Government may introduce the testimony of former gang members to prove that the gang was an enterprise engaged in racketeering activities."), *cert. denied*, 141 S. Ct. 440 (2020); *United States v. Ahedo*, 453 F. App'x 544, 547-48 (5th Cir. 2011) ("The government may offer evidence of unindicted acts to prove that members of a criminal enterprise engaged in the acts to further the objectives of the conspiracy."), *cert. denied*, 566 U.S. 955 (2012); *United States v. Rivera*, 147 F. App'x 408, 409-10 (5th Cir. 2005) (permitting testimony of crimes—including murder committed by another defendant—where "a rational jury could have linked that murder with the enterprise" and "witnesses testified to the enterprise's involvement in and reasons for the murder."), *cert. denied*, 546 U.S. 1202 (2006). As the Government points out, because much of the evidence in this case consists of the alleged conspirators' own words spoken in the course of reaching their purported criminal agreement, the evidence is intrinsic, relevant, and highly probative as evidence of the conspiracy with which they are charged.

Accordingly, Lazar's Motion for Notice of Rule 404(b) Evidence (#72) is DENIED.

SIGNED at Beaumont, Texas, this 1st day of November, 2023.

MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE