| | |
|---|---|
| UNITED STATES DISTRICT COURT | EASTERN DISTRICT OF TEXAS |

| | |
|---|---|
| UNITED STATES OF AMERICA | § |
| | § |
| *versus* | § CASE NO. 1:20-CR-78 |
| | § |
| MARIUS LAZAR (3) | § |

## MEMORANDUM AND ORDER

Pending before the court is Defendant Marius Lazar's ("Lazar") Objections to Government's Exhibit List (#97). The Government filed a response (#98). Having considered the objections, the submissions of the parties, the record, and the applicable law, the court is of the opinion that the objections should be conditionally denied.

I.  Background

On September 17, 2020, a grand jury in the Eastern District of Texas returned a two-count Indictment against Lazar and three codefendants, charging them in Count One with Conspiracy to Import and Export Cocaine and to Manufacture and Distribute Cocaine Intending, Knowing, and with the Reason to Believe that the Cocaine Will Be Unlawfully Imported into the United States, in violation of 21 U.S.C. § 963, and in Count Two with Conspiracy to Commit Money Laundering, in violation of 18 U.S.C. § 1956(h). On November 4, 2020, the grand jury returned a First Superseding Indictment, which added a fourth codefendant and included an additional count that charged Lazar and three of his codefendants with Racketeering Conspiracy, in violation of 18 U.S.C. § 1962(d). This case is set for jury selection and trial on Monday, November 6, 2023.

II.  Analysis

Lazar lodges hundreds of objections to the Government's proffered exhibits without providing context or particularized argument. Lazar's objections take the form of citations to the

Federal Rules of Criminal Procedure (16(a)(1)(B), (E), and (d)(2)(C)), the Federal Rules of Evidence (106, 401, 402, 403, 404(b), 801(d)(2)(E), 802, 803, 901, 1002, 1003, and 1004), *Brady v. Maryland*, 373 U.S. 83 (1963), *Crane v. Kentucky*, 476 U.S. 683 (1986), *United States v. James*, 590 F.2d 575 (5th Cir. 1979), *cert. denied*, 442 U.S. 917 (1979), *RJR Nabisco, Inc. v. Eur. Cmty.*, 579 U.S. 325 (2016), Texas Penal Code § 1.04, and the Confrontation Clause of the Sixth Amendment to the United States Constitution.  In the absence of particularity as to the nature or circumstances of any such evidence, the court cannot make an informed ruling in a vacuum.  *See Crain v. Schlumberger Tech. Co.*, No. CV 15-1777, 2016 WL 4508335, at *3 (E.D. La. Aug. 29, 2016) ("The Federal Rules of Evidence 'cannot be applied except in the context of specific evidence.'").

      A.      <u>*Brady v. Maryland* and Federal Rule of Criminal Procedure 16</u>

Both *Brady v. Maryland* and Rule 16 require the Government to produce, upon request, information "material" to preparing a defense; the gravamen of materiality is more than "mere speculation or allegations that the prosecution possesses exculpatory information." *United States v. Jordan*, 316 F.3d 1215, 1252 n.81 (11th Cir. 2003).  The Government observes that it produced the objected-to exhibits in discovery and provided them as trial exhibits.  Moreover, Lazar fails to identify or request any information at all.  Accordingly, these objections are conditionally denied subject to the defense's reasserting them during trial in a proper context.

      B.      <u>*Crane v. Kentucky*</u>

In *Crane v. Kentucky*, the United States Supreme Court held that the Constitution guarantees criminal defendants "a meaningful opportunity to present a complete defense," and accordingly, the trial court erred in foreclosing the defendant's efforts to introduce testimony about

the environment in which the police secured his confession. 476 U.S. at 690. The Government notes that Lazar's case does not involve a confession to law enforcement, so *Crane* has no relevance. It is unclear to the court how Lazar intends to object to the Government's exhibits on the basis of *Crane*. Thus, these objections are conditionally denied subject to the defense's reasserting them during trial if a confession is involved or the lack of a meaningful opportunity to present a complete defense is implicated.

  C. *RJR Nabisco, Inc. v. Eur. Cmty.* and Texas Penal Code § 1.04

In *RJR Nabisco, Inc. v. Eur. Cmty.*, the Supreme Court held that "a violation of [18 U.S.C.] § 1962 may be based on a pattern of racketeering that includes predicate offenses committed abroad, provided that each of those offenses violates a predicate statute that is itself extraterritorial." 579 U.S. at 340 (declining, however, to consider whether RICO's conspiracy provision, § 1962(d), should be treated differently from the provisions of § 1962(a), (b), or (c)). Texas Penal Code § 1.04 governs when Texas has jurisdiction over an offense. Specifically, § 1.04 provides that:

> [Texas] has jurisdiction over an offense that a person commits by his own conduct or the conduct of another for which he is criminally responsible if: (1) either the conduct or a result that is an element of the offense occurs inside this state; (2) the conduct outside this state constitutes an attempt to commit an offense inside this state; (3) the conduct outside this state constitutes a conspiracy to commit an offense inside this state, and an act in furtherance of the conspiracy occurs inside this state; or (4) the conduct inside this state constitutes an attempt, solicitation, or conspiracy to commit, or establishes criminal responsibility for the commission of, an offense in another jurisdiction that is also an offense under the laws of this state.

TEX. PENAL CODE § 1.04. These references appear to relate to Lazar's arguments pertaining to extraterritoriality, including his request that the overt acts relating to the murder-for-hire plot be

dismissed.  The court conditionally denies Lazar's objections under *RJR Nabisco, Inc*. and Section 1.04 of the Texas Penal Code.  Lazar must reassert these objections during trial if pertinent.

        D.      *United States v. James*, the Confrontation Clause, and Federal Rules of Evidence 802, 803, and 801(d)(2)(E)

The court agrees with the Government's assessment that Lazar's citations to *United States v. James*, the Confrontation Clause, and Federal Rules of Evidence 802, 803, and 801(d)(2)(E) most likely refer to the contention that statements by Lazar's alleged co-conspirators do not satisfy the requirements of Rule 801(d)(2)(E) and are therefore excludable as hearsay.  While Lazar does not explicitly request a hearing, the court construes the motion as a request for the court to conduct a *James* hearing in advance of trial to determine whether co-conspirator statements are admissible under Rule 801(d)(2)(E) of the Federal Rules of Evidence.  *See James*, 590 F.2d at 582.

"[H]earsay is a statement, other than one made by the declarant while testifying at trial or a hearing, offered in evidence to prove the truth of the matter asserted."  *United States v. St. Junius*, 739 F.3d 193, 202 (5th Cir. 2013) (citing FED. R. EVID. 801(c)); *accord United States v. Noria*, 945 F.3d 847, 852 (5th Cir. 2019), *cert. denied*, 140 S. Ct. 2629 (2020); *United States v. Reed*, 908 F.3d 102, 119-20 (5th Cir. 2018), *cert. denied*, 139 S. Ct. 2655 (2019).  Federal Rule of Evidence 802 bars hearsay testimony except as provided by "these rules," "a federal statute," or "other rules prescribed by the Supreme Court."  FED. R. EVID. 802; *accord Noria*, 945 F.3d at 852 n.17; *United States v. Piper*, 912 F.3d 847, 855 (5th Cir.), *cert. denied*, 139 S. Ct. 1639 (2019); *United States v. Polidore*, 690 F.3d 705, 719 (5th Cir. 2012), *cert. denied*, 568 U.S. 1232 (2013).  Rules 803 and 804, however, list twenty-eight exceptions to the general rule prohibiting hearsay.  FED. R. EVID. 803, 804.

A declaration by a co-conspirator is admissible at trial, against a defendant, if the government establishes by a preponderance of the evidence (1) that a conspiracy existed, (2) that the co-conspirator and the defendant against whom the co-conspirator's statement is offered were members of the conspiracy, (3) that the statement was made during the course of the conspiracy, and (4) the statement was made in furtherance of the conspiracy. *United States v. Ebron*, 683 F.3d 105, 135 (5th Cir. 2012), *cert. denied*, 571 U.S. 989 (2013); *see* FED. R. EVID. 801(d)(2)(E) (providing that a statement is not hearsay if the statement is offered against a party and is a statement by a co-conspirator of a party during the course and in furtherance of the conspiracy); *United States v. Trevino Chavez*, 830 F. App'x 425, 428 (5th Cir. 2020); *United States v. Nelson*, 732 F.3d 504, 516 (5th Cir. 2013); *United States v. El-Mezain*, 664 F.3d 467, 502 (5th Cir. 2011), *cert. denied*, 568 U.S. 977 (2012). "Whether statements are admissible under this rule is a preliminary question that 'shall be determined by the court.'" *United States v. Fragoso*, 978 F.2d 896, 899 (5th Cir. 1992) (citing FED. R. EVID. 104(a); *Bourjaily v. United States*, 483 U.S. 171, 175 (1987)), *cert. denied*, 507 U.S. 1012 (1993); *United States v. Roberts*, No. CV 4:20-CR-00314, 2022 WL 17834053, at *5 (E.D. Tex. Dec. 21, 2022).

"Whether a *James* hearing is necessary in a particular case is within the discretion of the trial court." *United States v. Williams*, 264 F.3d 561, 576 (5th Cir. 2001) (citing *Fragoso*, 978 F.2d at 900); *see United States v. Carreon*, 242 F. App'x 221, 224-25 (5th Cir. 2007), *cert. denied*, 552 U.S. 1125 (2008); *United States v. Mathis*, 458 F. Supp. 3d 559, 563 (E.D. Tex. 2020). In determining whether the statements are admissible, a district court need not hold a pre-trial hearing and may conditionally admit the challenged statement(s) until a determination of the existence of the Rule 801(d)(2)(E) predicate facts can be appropriately made. *United States v.*

*West*, 58 F.3d 133, 142 (5th Cir. 1995); *United States v. Gonzalez-Balderas*, 11 F.3d 1218, 1224 (5th Cir.) (citing *Fragoso*, 978 F.2d at 900), *cert. denied*, 511 U.S. 1129 (1994); *see James*, 590 F.2d at 582-83 (district court may conditionally admit co-conspirators' statements); *Mathis*, 458 F. Supp. 3d at 563.  In some cases, however, "judicial economy suggests that express findings on admissibility should be made before the co-conspirator statements are introduced." *Fragoso*, 978 F.2d at 900.  Nevertheless, the decision is a matter "committed to the broad discretion of the trial court." *Id*. (citing *United States v. Cantu*, 557 F.2d 1173, 1180 (5th Cir. 1977), *cert. denied*, 434 U.S. 1063 (1978)); *Mathis*, 458 F. Supp. 3d at 563 ("Deciding whether a pretrial James hearing is necessary in a particular case is within the sole discretion of the trial court.").

In this instance, Lazar's motion presents no compelling reason that would necessitate a pre-trial *James* hearing.  Indeed, such a hearing would effectively require the court to hear much of the evidence twice, which would be both wasteful and unnecessary.  Deferring a *James* motion "is particularly appropriate in cases" where, as here, "holding a pretrial hearing would, in effect, result in trying the case twice and wasting valuable judicial resources and time." *United States v. Carroll*, No. 99-98, 2000 WL 45870, at *5 (E.D. La. Jan. 20, 2000) (citing *Gonzalez-Balderas*, 11 F.3d at 1223); *accord Mathis*, 458 F. Supp. 3d at 563; *see United States v. Acosta*, 763 F.2d 671, 679 (5th Cir.) (upholding the district court's determination that "if we had to have a separate independent hearing insofar as the conspiracy is concerned, we in effect would be trying this lawsuit two times"), *cert. denied*, 474 U.S. 863 (1985); *United States v. Fleifel*, 3:12-CR-318-D(3), 2014 WL 6633049, at *4 (N.D. Tex. Nov. 24, 2014) (denying defendant's request for a hearing to determine the admissibility of co-conspirator statements where it "would be burdensome

and effectively result in a mini-trial of potentially considerable length"). The court is of the opinion that conducting a pre-trial *James* hearing in this case is not warranted.

Additionally, "co-conspirator statements made during the course and in furtherance of a conspiracy" are generally not testimonial in nature and their admission at trial is not a violation of the Confrontation Clause. *United States v. Jackson*, 636 F.3d 687, 692 (5th Cir. 2011); *United States v. Delgado*, 401 F.3d 290, 299 (5th Cir. 2005). The court, therefore, conditionally denies Lazar's objections subject to the defense's reasserting them during trial if applicable.

E.   Federal Rules of Evidence 901, 1002, 1003, and 1004

Lazar further objects to approximately 67 exhibits, citing to Federal Rules of Evidence 901, 1002, 1003, and 1004. These appear to be citations to the Federal Rules of Evidence for authentication of exhibits (FED. R. EVID. 901) and the "best evidence rule" requiring the use of an "original" record (FED. R. EVID. 1002) or a "duplicate" thereof (FED. R. EVID. 1003) unless certain requirements are met (FED. R. EVID. 1004). In response, the Government surmises that these objections concern Lazar's arguments raised in his motion to compel (#76) concerning the disclosure of certain Wickr messages and avers that it will authenticate all the Wickr chats through the testimony of the undercover agent who was a party to all conversations. The Government further asserts that these exhibits are accurate photographs and videos of the messages exactly as they appeared on the screen in the Wickr application and, thus, they are "duplicates" admissible "to the same extent as the original" under Rule 1003. Alternatively, the Government contends that these exhibits are admissible because the "originals" were "lost or destroyed, and not by the proponent acting in bad faith" under Rule 1004.

7

Lazar does not address the Government's contentions that it can properly authenticate all the Wickr chats; that the exhibits qualify as duplicates admissible under Rule 1003; or that the exhibits are admissible under Rule 1004. Accordingly, the court conditionally denies Lazar's objections subject to the defense's reasserting them during trial if appropriate.

F.  Federal Rules of Evidence 401, 403, and 404(b)

Lazar cites to Federal Rules of Evidence 401, 403, and 404(b) in respect to every one of the Government's proffered exhibits. The court addresses Rule 404(b) in its prior order (#104). As stated above, in the absence of particularity as to the nature or circumstances of any such evidence, the court cannot make an informed ruling in a vacuum. The court is mindful of the Federal Rules of Evidence and will enforce them as appropriate at trial. Therefore, the court conditionally denies Lazar's objections subject to the defense's reasserting them during trial if warranted.

III.  Conclusion

In accordance with the foregoing analysis, Lazar's Objections to Government's Exhibit List (#97) are CONDITIONALLY DENIED subject to the defense's reasserting them during trial.

SIGNED at Beaumont, Texas, this 2nd day of November, 2023.

MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE